IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

LAWRENCE VERLINE WILDER, SR.
  Petitioner                            :

v.                                       :   CIVIL ACTION NO. PWG-16-676

STEPHEN T. MOYER, Secretary, et al.,  :
  Respondents

## MEMORANDUM OPINION

On March 9, 2016, Lawrence Verline Wilder Sr., a resident of Wilmington, North Carolina, filed a petition for writ of habeas corpus alleging that he was wrongfully detained for 35 days in Baltimore County, Maryland, for violating a protective order with which he never had been served.[1] Pet. 1, ECF No. 1. As Wilder's income is limited to disability and retirement benefits, his motion for leave to proceed in forma pauperis, ECF No. 2, shall be granted.

### I.   BACKGROUND

According Maryland's electronic docket, on July 2, 2007, Sandra Dorsey obtained a peace order against Wilder from the District Court for Baltimore County.[2] On December 18, 2007, an arrest warrant was issued, and Wilder was charged in the District Court for Baltimore

---

[1] Wilder also alleges that Maryland authorities would not prosecute his claims of domestic violence against Sandra Rivera Dorsey, the individual who obtained the protective order. Pet. 7. Wilder has no legally protected interest in the prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Banks v. Buchanan*, 336 Fed. Appx 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997).
    Wilder's claim that he was involuntarily committed in a Maryland mental health facility in 2008, *see* Pet. 8, contains insufficient information to proceed and does not appear directly related to the primary claim regarding detention for violation of a protective order. As it appears unrelated, this claim will be dismissed without prejudice.

[2] *See* Peace Order, Case No. 0804SP024702007 (D. Ct. Balt. Cty. July 2, 2007). The record for this case and other Maryland cases cited in this opinion are available through the Maryland Judiciary Case Search (http://casesearch.courts.state.md.us/casesearch/).

County with violating the protective order. He was arrested on January 16, 2008, and released on February 19, 2008, when the case was abandoned.[3]

## II. LEGAL STANDARD

### A. "In Custody" Requirement

Under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). The custody requirement is not satisfied where the conviction under attack was merely used to enhance a later-imposed sentence. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction." *Id.* Thus, where a sentence has fully expired, the custody requirement is not satisfied, and this Court has no jurisdiction to consider the claims raised. *Id.* at 490; *see also Lackawana Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (recognizing that "in custody" requirement precluded defendant no longer serving sentence imposed on certain convictions from bringing federal habeas petition directed solely at those convictions).

It is also clear that § 2254's requirement that a habeas petitioner be "in custody" pursuant to the contested state conviction raises a threshold jurisdictional question. *Maleng*, 490 U.S. at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'").

To meet the jurisdictional "in custody" requirement, a § 2254 petitioner need not be in

---

[3] *See Maryland v. Wilder*, No. 3C00273850 ((D. Ct. Balt. Cty. issued Dec. 18, 2007).

actual physical custody of state authorities at the time a habeas petition is filed. It is well-settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. *See, e.g., Jones v. Cunningham,* 371 U.S. 236, 242 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under an unexpired state sentence for habeas purposes because the petitioner's release from physical confinement was not unconditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). But it is equally well-settled that "once the sentence imposed for a conviction has *completely expired,* the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492 (emphasis added). Significantly, a habeas petitioner does not remains "in custody" under a conviction after the sentence imposed for it has fully expired merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *Id.* Wilder was not sentenced in connection with the protective order violation and was released from pre-trial detention in 2008. He cannot meet the "in custody" requirement for federal habeas corpus review.

B. **Statute of Limitations**

Since April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases under the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d).[4] This one-year period is tolled while properly filed

---

4     This section provides:

    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

post-conviction proceedings are pending.

### III.   ANALYSIS

There is no material dispute that Wilder is no longer in physical custody on the warrant issued in 2007 and resolved in 2008. Any adverse consequence experienced as a result of this case—which did not result in conviction—does not alter this determination. He has failed to meet the "in custody" requirement of § 2254. Further, Wilder's one-year limitations period under 28 U.S.C. § 2244(d) has long since expired.

### IV.   CONCLUSION

For these reason, the petition will be denied and dismissed with prejudice. When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Denial of a Certificate of Appealability in the district court does not preclude Wilder from requesting a Certificate of Appealability from the appellate court.

    A separate Order shall follow.

__04/18/16__  
Date

_____  
Paul W. Grimm  
United States District Judge